GALLIAN WELKER & BECKSTROM, L.C.
Christopher A. Lund, #14074
Russell J. Gallian #1144
965 East 700 South, Suite 305
St. George, Utah 84790
Telephone: (435) 628-1682
Facsimile:  (435) 628-9561
clund@utahcase.com
rgallian@utahcase.com
*Attorneys for Plaintiff*

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION**

| | |
|---|---|
| HARTSUN QUANTUM SUPPLEMENTS, INC., a Corporation,<br><br>         Plaintiff,<br>    vs.<br><br>THEODORE C. DENMARK, an individual; and KATHLEEN L. DENMARK, an individual,<br><br>         Defendants. | **COMPLAINT**<br><br>Civil No. _____<br><br>Judge: _____ |

Plaintiff Hartsun Quantum Supplements, Inc. ("Plaintiff"), by and through the law offices of GALLIAN WELKER & BECKSTROM, L.C., for its Complaint against Defendants avers as follows:

**JURISDICTION AND VENUE**

1. At all times relevant herein, Plaintiff was and is a resident and domiciliary of Washington County, Utah.

1

2.     At all times relevant herein, Defendant Theodore C. Denmark ("Theodore") has done business for many years and is currently doing business in Utah and is subject to the jurisdiction of this Court.

3.     Upon information and belief, Defendant Kathleen L. Denmark ("Kathleen") has done business and is currently doing business in Utah and is subject to the jurisdiction of this Court.

4.     Jurisdiction in this Court is proper and is predicated on 28 USC §1338(a).

5.     Venue in this Court is proper and is predicated on 28 USC §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS

6.     In 2000, the corporation Hartsun Quantum Supplements, Inc. ("Plaintiff") was formed and registered in Utah.

7.     In 2000, Plaintiff developed a line of dietary supplements to cleans toxins from the body and called the product line "CLEAR FLUSH."

8.     In February of 2001, Plaintiff had the first labels for CLEAR FLUSH developed, printed, and shipped.

9.     On or around March 1, 2001, Plaintiff contracted with TriCeutiX to manufacture and bottle Plaintiff's first CLEAR FLUSH capsules.

10.    Plaintiff has continuously used the name CLEAR FLUSH in commerce since about February 1, 2001.

11.     On or around July 6, 2001, Plaintiff created and registered the domain name "clearflush.com" and has continuously maintained and used this domain name since that time for advertising and marketing Plaintiff's CLEAR FLUSH products.

12.     Plaintiff continues to use the CLEAR FLUSH and CLEARFLUSH marks in commerce throughout the United States and internationally.

13.     On or around February 14, 2001, Plaintiff contracted with Defendant Theodore to be a distributor of Plaintiff's CLEAR FLUSH products.

14.     Theodore continued to distribute CLEAR FLUSH on behalf of Plaintiff until approximately March 1, 2011.

15.     In 2014, Plaintiff learned that Theodore was now selling a product that competed with CLEAR FLUSH called "Pure Flush" and used similar labeling and almost identical language for instructions.

16.     Upon information and belief, Defendants Theodore and Kathleen are a married couple and business partners.

17.     In 2015, Plaintiff learned that Defendants were selling a product called "CLEAR FLUSH" that was not manufactured or authorized by Plaintiff.

18.     In June of 2015, Plaintiff learned that Defendants had filed for trademark recognition of the mark "CLEARFLUSH" with the United States Patent and Trademark Office ("PTO") on January 17, 2011, and that the CLEARFLUSH mark had been registered on June 26, 2012 as serial number 85219416.

19. Plaintiff has never given Defendants permission to use Plaintiff's CLEAR FLUSH AND CLEARFLUSH marks.

20. Defendants have advertised and sold, and continue to advertise and sell products that intentionally look like Plaintiff's CLEAR FLUSH products that bear Plaintiff's "CLEAR FLUSH" mark and contain nearly identical information on the labels.

21. On January 5, 2016, Plaintiff filed for recognition of the marks "CLEAR FLUSH" and "CLEARFLUSH" with the PTO.

22. On April 21, 2016, the PTO denied Plaintiff's applications for recognition of the marks due to Defendants' registration of the CLEARFLUSH mark.

**FIRST CAUSE OF ACTION**
**(Federal trademark infringement)**

23. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

24. Defendants have infringed upon Plaintiff's trademarks in interstate commerce by various acts, including, without limitation, the adoption of the marks and the sale and the advertising of Defendants' own products in connection with the infringing marks.

25. Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff.

26. Through Theodore's prior business dealings with Plaintiff in selling Plaintiff's CLEAR FLUSH products, Defendants were aware that Plaintiff had prior use and ownership of

the trademarks CLEARFLUSH AND CLEAR FLUSH when Defendants infringed upon Plaintiff's trademarks.

27. Each of Defendants' infringing activities has caused injury to Plaintiff, for which Plaintiff is entitled to damages and injunctive relief.

## SECOND CAUSE OF ACTION
### (Obtaining Mark Through Fraud on the PTO)

28. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

29. Defendant Theodore contracted to be a distributor of Plaintiff's CLEAR FLUSH products around February 2001 and continued to distribute Plaintiff's CLEAR FLUSH products until about March 1, 2011.

30. As a result, Defendants knew that Plaintiff had been using the mark CLEARFLUSH AND CLEAR FLUSH since approximately 2000.

31. Yet, Defendants still filed for and obtained registration of the CLEARFLUSH mark, claiming that Defendants, not Plaintiff, had been using the mark since 2001.

32. Defendants have procured registration of the CLEARFLUSH mark by false or fraudulent declarations and representations, and by false means in violation of 15 USC §1120.

33. As a result of Defendants actions, Plaintiff has been injured and is entitled to an award of damages.

### THIRD CAUSE OF ACTION
### (Cancellation of a Federal trademark registration)

34.     Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

35.     Currently, Defendants have a registered trademark for CLEARFLUSH, serial number 85219416 with a registration date of June 26, 2012.

36.     However, Plaintiff's use of the trademark CLEARFLUSH predates Defendants use and registration of the mark.

37.     Plaintiff has continuously used the trademark CLEARFLUSH since approximately 2000.

38.     Defendants knew that Plaintiff had been using the mark CLEARFLUSH AND CLEAR FLUSH since approximately 2000.

39.     Yet, Defendants still filed for registration of the CLEARFLUSH mark on January 17, 2011, claiming that Defendants, not Plaintiff, had been using the mark since 2001.

40.     Plaintiff has been injured by Defendants' use of the trademark and will continue to be injured unless the Defendants' trademark registration is cancelled.

41.     Plaintiff is entitled to have Defendants' CLEARFLUSH trademark cancelled pursuant to 15 U.S.C. §1119 and 15 U.S.C. §1064.

## FOURTH CAUSE OF ACTION
### (Trademark dilution)

42. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

43. Plaintiff's CLEARFLUSH and CLEAR FLUSH marks have become famous marks through Plaintiff's long and successful use in commerce and advertising.

44. Defendants have capitalized on Plaintiff's marks, first by using a similar mark called "PURE FLUSH," and then by simply using Plaintiff's CLEARFLUSH AND CLEAR FLUSH marks on Defendants' products.

45. As a result, Defendants have impaired the distinctiveness of Plaintiff's marks through blurring in violation of 15 U.S.C. §1125.

46. Plaintiff has no control over the current quality of goods sold by Defendants with the infringing marks; therefore, Plaintiff's valuable goodwill and respect is at the mercy of Defendants.

47. As a result of Defendants use of Plaintiff's marks, the reputation of the marks has been tarnished in violation of 15 U.S.C. §1125.

48. The goodwill of Plaintiff's business is of great value and Plaintiff will suffer irreparable harm should Defendants' infringement be allowed to continue.

49. As a result of Defendants actions, Plaintiff has been injured and is entitled to an award of damages and injunctive relief.

## FIFTH CAUSE OF ACTION
### (Common law trademark infringement)

50. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

51. Despite Plaintiff's use of the CLEARFLUSH and CLEAR FLUSH marks in commerce that predate Defendants' use of these marks, Defendants have engaged in commerce with these marks in states including Utah and Arizona.

52. Defendants have infringed upon Plaintiff's common law rights to the trademarks CLEAR FLUSH and CLEARFLUSH.

53. Defendants' infringement of Plaintiff's common law trademarks has caused injury to Plaintiff for which Plaintiff is entitled to an award of damages.

## SIXTH CAUSE OF ACTION
### (Common law unfair competition violations)

54. Plaintiff reasserts all other allegations of this Complaint and incorporates them herein as if set forth in full.

55. Defendants have advertised and sold, and continue to advertise and sell products in states including Utah and Arizona that intentionally look like Plaintiff's CLEAR FLUSH products, that bear Plaintiff's "CLEAR FLUSH" mark, and contain nearly identical information on the labels.

56. Defendants' actions as asserted above are a form of unfair competition that is prohibited by state common law.

57. Plaintiff has been injured by Defendants' misconduct and is entitled to damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For damages resulting from all of Defendants' actions;

B. For injunctive relief enjoying Defendants from using the CLEARFLUSH AND CLEAR FLUSH trademarks;

C. For attorney fees and costs as allowed by law; and

D. For such other and further relief as this Court deems just and equitable under the circumstances.

DATED this 1st day of June, 2016.

               GALLIAN WELKER & BECKSTROM, L.C.

                /s/ Christopher A. Lund
               Russell J. Gallian
               Christopher A. Lund
               *Attorneys for Plaintiff*